UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
CHRISTOPHER HOEY

Plaintiff,

- against -

COUNTY OF NASSAU and MARJORIE BLIEKA, in her official and individual capacities,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Christopher Hoey, by and through his attorneys, LEEDS BROWN LAW, P.C., alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action based on defendants' violations of Plaintiff's rights as guaranteed him by the Americans with Disability Act and the New York State Human Rights Law, and any other cause of action which can be inferred from the facts set forth herein.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343. The supplemental jurisdiction of the Court is invoked over state causes of action pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices

alleged herein, occurred in this district.

4. On December 9, 2011, Plaintiff served a Notice of Claim on the County Attorney for Nassau County and on April 27, 2012, Plaintiff appeared for a 50-h hearing.

5. Defendants have neglected or refused to make adjustment or payment

6. On January 24, 2012, Plaintiff filed a charge of discrimination with the New York State Division of Human Rights ("NYSDHR"). A copy of this charge was cross filed with the Equal Employment Opportunity Commission ("EEOC").

7. On June 25, 2012, the NYSDHR dismissed Plaintiff's charge of discrimination for administrative convenience. On September 7, 2012, the EEOC issued Plaintiff a right to sue letter.

8. Any and all other prerequisites to the filing of this suit have been met.

**PARTIES**

9. Plaintiff Christopher Hoey ("Officer Hoey" or "Plaintiff") is a resident of Nassau County, State of New York. At all time relevant to this matter, Hoey was an employee of the Nassau County Police Department ("NCPD" or the "Department").

10. Defendant County of Nassau ("Nassau"), at all times hereinafter mentioned, was and still is a municipal corporation of the State of New York, with its principal place of business

at 1550 Franklin Avenue, Mineola, County of Nassau, State of New York. The NCPD is a department and/or division of Nassau County, as such Defendant exercises authority and control over all functions of the NCPD. At all relevant times, Defendant has met the definition of an "employer" and a "covered entity" under all applicable statutes.

11. Upon information and belief, Defendant Marjorie Blieka ("Blieka") is an individual employed by the NCPD and/or has been designated by NCPD as the Department's Police Surgeon. Blieka is being sued in her individual and official capacities.

## FACTS

12. Plaintiff is a disabled individual diagnosed with Bipolar Affective Disorder, a disorder which substantially affects major life activities. Accordingly, Plaintiff is a "qualified individual with a disability" for purposes of the New York State Human Rights Law and the Americans with Disabilities Act.

13. Plaintiff has been employed by the NCPD as a Police Officer since January 2008.

14. Notwithstanding his disability, Officer Hoey is capable of performing the essential duties of a police officer with the NCPD.

15. On November 17, 2009, as a result of an onset of his Bipolar Affective Disorder, which had not yet been diagnosed, Officer Hoey went to St. Joseph Hospital emergency room where he was then sent via ambulance to the Nassau University Medical Center. Officer Hoey

was later transferred to South Oaks Hospital where he was placed under the care of Dr. Lawrence Greenberg.

16. On November 23, 2009, Officer Hoey was released from South Oaks Hospital.

17. Shortly thereafter, Officer Hoey's wife spoke to Sgt. Becarris of the NCPD's Medical Administration Office about his return to work who informed Ms. Hoey that the Department would require a note from his doctor and would need to be examined by the Department's doctor before he would be able to return to work.

18. On December 2, 2009, Officer Hoey's psychiatrist, Dr. Lawrence Greenberg, cleared Officer Hoey to return to work full duty.

19. On December 7, 2009, Officer Hoey met with the Department's designated psychiatrist, Dr. Robert Klugman, at NCPD headquarters.

20. Notwithstanding Dr. Greenberg's recommendation that Officer Hoey be returned to full duty without restrictions, Dr. Klugman recommended that Officer Hoey be returned to work, but on restricted duty, and that Officer Hoey be reevaluated in April 2010.

21. As a result of Dr. Klugman's refusal to clear Officer Hoey for full duty, Officer Hoey's department-issued weapon and his off duty weapon were not returned to him and he was assigned to desk duty.

22. On March 4, 2010, Dr. Greenberg again provided NCPD with a letter stating that Officer Hoey was fit to return to work full duty.

23. On April 20, 2010, Officer Hoey met with Dr. Klugman at NCPD headquarters for the second time and Dr. Klugman cleared Officer Hoey to return to work without restriction.

24. Notwithstanding Dr. Klugman's medical clearance, Officer Hoey was not immediately returned to full duty and his department-issued weapon and off duty weapon were not returned to him.

25. When Officer Hoey followed up with his supervisor, Sgt. Becarris, he was told that the NCPD wanted him to wait until December 2010 to return to full duty.

26. In early October 2010, Scott Rankin, also a police officer with NCPD, committed suicide.

27. Sometime shortly thereafter, Officer Hoey spoke to Sgt. Becarris about renewing his request that he be returned to full duty and have his department-issued weapon and off duty weapon returned, however, Sgt. Becarris said that, given the recent suicide of Officer Rankin, he thought it would be best for Officer Hoey to continue to wait before renewing his request.

28. On November 2, 2010, Officer Hoey formally requested that his department-issued weapon and off duty weapon be returned to him and attached a copy of a letter, dated

October 26, 2010, from Dr. Greenberg reiterating that he was fully capable of performing his duties as a NCPD police officer and that Officer Hoey was not suicidal.

29. In January 2011, Officer Hoey was told by a representative of the NCPD that his November 2010 request was submitted on the wrong letterhead so he resubmitted his request on different letterhead on January 19, 2011.

30. When Officer Hoey had not heard back by March 2011, he contacted his union representative, Todd Torchia and was told that his request was sitting on the desk of Dr. Blieka, who had recently been appointed to replace Dr. Klugman as the Department's designated psychiatrist.

31. In June 2011, Officer Hoey contacted his union and complained that he believed that he was being discriminated against because of his disability, but was advised by the union that it was an "internal matter."

32. The following day, Sgt. Becarris contacted Officer Hoey and told him that he needed to schedule an appointment with Dr. Blieka before he could be returned to full duty or have his department-issued weapon and off duty weapon returned.

33. On June 30, 2011, Officer Hoey met with Dr. Blieka for yet another examination during which time Dr. Blieka repeatedly questioned Officer Hoey regarding the fact that, during his November 2009 hospitalization, he was placed in restraints; however, Officer Hoey explained

that this was a precaution because of his size and not because he was violent in any way.

34. From July until October 2011, Officer Hoey followed up with the NCPD on numerous occasions regarding the status of his reinstatement, but was never given an answer.

35. On October 28, 2011, Officer Hoey spoke with Sgt. Becarris who stated that Dr. Blieka had not cleared him to return to full duty because of Bipolar Affective Disorder and that Officer Hoey could request to be reexamined in six months.

36. On October 29, 2011, Officer Hoey received a letter from Sgt. Becarris, dated October 26, 2011, stating that Dr. Blieka had recommended that Officer Hoey's request that he be returned to full duty be denied and that his Department-issued weapon and off duty weapon not be returned. Sgt. Becarris' letter stated that the NCPD Commissioner concurred with Dr. Blieka's opinion.

37. As the foregoing demonstrates, Respondent has failed to return Officer Hoey to full duty because of his Bipolar Affective Disorder, in violation of the New York State Human Rights Law and the Americans with Disabilities Act.

38. As a result of Respondent's failure to return Officer Hoey to full duty and return his Department-issued weapon, Officer Hoey has suffered economic damages in the form of loss of opportunity to earn overtime compensation.

39. Further, NCPD's failure to return Officer Hoey to full duty, despite the recommendation of both Officer Hoey's doctor and the Department's own doctor, has negatively impacted Officer Hoey's career progression and future earning capacity.

## CLAIMS FOR RELIEF

40. Plaintiff has been subjected to discrimination and adverse employment actions because of his disability in violation of the Americans with Disability Act and the New York State Executive Law, Human Rights Law, § 290 *et seq*.

41. As described above, Defendant Nassau, has taken adverse employment actions against Plaintiff motivated, in part, upon Plaintiff's disability and/or perceived disability, as well as his opposition to discriminatory practices, in violation of the Americans with Disabilities Act and New York State Executive Law § 296.

42. As more fully set forth above, the individual Defendant, aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law §296 (6).

**WHEREFORE**, Plaintiff demands judgment for compensatory, emotional, physical, and punitive damages (where applicable), as well as lost pay, front pay, interest, and any other damages permitted by law. Plaintiff also demands judgment against defendants for each cause action and for all applicable and permissible damages, in an amount to be assessed at the time of trial. Plaintiff further seeks injunctive relief, including but not limited to, the clearing of his

personnel file of any writings reflecting wrongful disciplinary actions, reinstatement, and a permanent injunction enjoining all Defendant and their agents from any further actions abridging Plaintiff's rights or otherwise engaging in unlawful acts of discrimination/retaliation. Plaintiff further demands all attorneys' fees, disbursements and other costs and all further relief, equitable or otherwise, to which Plaintiff is entitled and/or which the court deems just and proper.

Dated: Carle Place, New York
September 28, 2012

LEEDS BROWN LAW, P.C.
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

/s/
MATTHEW WEINICK