# EXHIBIT 4

**NASSAU COUNTY** **Title : POLICE OFFICER**

## GENERAL STATEMENT OF DUTIES

Performs general law enforcement duties, and patrols an assigned area for the protection of lives and property and the enforcement of laws and ordinances over which the Police Department has jurisdiction; performs related duties as required.

## COMPLEXITY OF DUTIES

Under general supervision, the duties involve an element of personal danger and stress, and require the exercise of considerable judgment and physical ability in detecting and preventing crime, arresting offenders, and preserving the public peace. Work shifts rotate on a 24-hour-a-day, seven-day-a-week basis.

## TYPICAL DUTIES

* 1. Patrols an assigned area, using a vehicle and/or on foot, to preserve law and order.
* 2. Observes surroundings, looking for any unusual, suspicious, or dangerous circumstances.
* 3. Gathers information and evidence for investigations by obtaining and questioning witnesses and by listening for unusual sounds, looking for clues, detecting unusual odors, and using sense of touch.
* 4. Locates, pursues if necessary, and arrests persons wanted on warrants or court orders, or as a result of observation, or crime in progress, using forceful arrest methods and/or deadly physical force, as required.
* 5. Directs the flow of traffic, possibly for extended periods, and enforces all traffic laws.
* 6. Prepares reports of police occurrences in the County.
* 7. Testifies in court.
* 8. Uses police radio to communicate with dispatcher and superior officers.
* 9. Engages in high speed vehicular pursuits in all types of weather and road conditions, as required.
* 10. Rescues individuals at accidents, emergencies, and disasters, which may involve climbing and/or jumping up, down, or over obstacles, entering confined areas, and balancing on narrow surfaces, as required.
* 11. Provides medical aid at the Emergency Medical Technician level to injured and/or sick individuals, as required.
* 12. Performs duties as a detailed detective, as required.
13. Maintains assigned vehicle and equipment.

*ADA ESSENTIAL FUNCTIONS

- over --

## FULL PERFORMANCE KNOWLEDGES, SKILLS, AND ABILITIES

1. Knowledge and understanding of criminal and arrest laws and procedures.
2. Knowledge of the geography of the County and its network of roads.
3. Knowledge of first aid methods at the Emergency Medical Technician level may be required.
4. Skill in self-defense and the use of firearms.

## FULL PERFORMANCE KNOWLEDGES, SKILLS, AND ABILITIES (continued)

5. Ability to elicit information using the following senses: hearing, vision, smell, and touch.
6. Ability to observe, record, and report occurrences accurately and completely.
7. Ability to act quickly and effectively in emergencies.
8. Ability to carry out oral and written instructions.
9. Ability to work in high, wet, and/or tight places.
10. Ability to express oneself effectively, both orally and in writing.
11. Ability to carry an individual to safety.
12. Ability to obtain Emergency Medical Technician certification may be required.

## MINIMUM QUALIFICATIONS

### Training and Experience

Graduation from high school
and
Successful completion of thirty-two (32) college credits.

### Necessary Special Requirement

Possession of a valid New York State Driver License is required at time of certification from the eligible list

# EXHIBIT 5

Mar. 4. 2010 10:01AM South Oaks Affiliates No. 8355 P. 2

9095

*LAWRENCE BRUCE GREENBERG, MD*
P.O. Box 306
Amityville, New York 11701
(631) 608-5620 Extension 5205

March 4, 2010

Dr. Ashald
Chief Surgeon
1490 Franklin Avenue
Mineola, NY 11501

Fax: 1-516-573-7486

Re: Christopher Hoey

Dear Dr. Ashald:

Please let this letter confirm that the above-mentioned patient is currently under my care. His last appointment with me was March 2, 2010.

Mr. Hoey is currently being prescribed Depakote 500 mg bid and his current blood level is 41. This patient is followed in my office for medication management on a monthly basis and is compliant with both his appointments and medication.

Mr. Hoey is currently stable and is fit to return to full duty.

If you require additional information please feel free to call me at the number above.

Very truly yours,

Lawrence B. Greenberg, MD

LBG/pm

PLAINTIFF'S EXHIBIT NO. 8 10-17-13

# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

CHRISTOPHER HOEY,

Plaintiff,

against

COUNTY OF NASSAU and MARJORIE BLIEKA, in her official and individual capacities,

Defendants.

-----------------------------------------------------------x

12cv04935 (ETB)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendants, by their attorney, JOHN CIAMPOLI, respond to Plaintiffs' First Set of Interrogatories and First Request for the Production of Documents as follows:

## INTERROGATORIES

**Interrogatory #1:**

Identify each and every person who has knowledge of any facts concerning any claim or allegation contained in the Complaint and/or any defense or allegation contained in the Answer. For each individual so identified, specify the substance of knowledge allegedly held by each individual.

**Response:**

1. Marjorie Blieka, MD- possesses knowledge and relevant information concerning her psychiatric evaluation of and recommendation for Plaintiff.

2. Robert Klugman, MD- possesses knowledge and relevant information concerning his psychiatric evaluation of and recommendation for Plaintiff.

3. Sgt. Robert Beccaris- (assigned to MAO) possesses knowledge and relevant information concerning Plaintiff's request for the return of his weapon and the Department's denial of this request.

4. Lieutenant Thomas Meagher (Commanding Officer of MAO)- possesses knowledge and relevant information concerning Plaintiff's request for the return of his weapon, the Department's denial of this request, and the reason why the Department did not adopt Dr. Klugman's 2010 recommendation for Plaintiff.

5. Thomas Krumpter (First Deputy Commissioner at the Nassau County Police Department)- possesses knowledge and relevant information concerning the reason why the Department did not adopt Dr. Klugman's 2010 recommendation for Plaintiff.

6. John Asheld, MD (Police Surgeon)- possesses knowledge and relevant information concerning Plaintiff's psychiatric evaluations by Dr. Klugman and Dr. Blieka.

7. Sgt. Salvatore Mistretta (Commanding Officer of the Nassau County Pistol License Bureau)- possesses knowledge and relevant information concerning the mental health requirements for obtaining and/or renewing a pistol license.

8. Mary Elisabeth Ostermann (Director of Nassau County Equal Employment Opportunity)- possesses knowledge and relevant information concerning the County's EEO Policy and its complaint/reasonable accommodation procedures.

9. Tara Comiskey (EEO Representative for Police Department)- possesses knowledge and relevant information concerning the County's EEO Policy and its complaint/reasonable accommodation procedures.

Defendants reserve the right to identify other individuals during the course of this litigation and/or to call them as witnesses at trial.

**Interrogatory #2:**

Identify, by name and title, all individuals with knowledge of Plaintiff's job performance.

**Response:**

1. Kenneth R. Hettler (Deputy Inspector and Deputy Commanding Officer of the Fourth Precinct ).

2. Steve Slisz (Lieutenant assigned to the Fourth Precinct)

3. Gary C. Rodetis (Sergeant assigned to the Fourth Precinct).

4. Lieutenant Lores (Administrative Lieutenant for Fourth Precinct).

Defendants reserve the right to identify other individuals during the course of this litigation if/when they become aware of them.

**Interrogatory #3:**

Identify, by name and title, all individuals responsible for the evaluation of Plaintiff's job performance.

**Response:**

Please see the Response to Interrogatory #2. The named individuals above in #1-3 authored probation reports during the probationary phase of Plaintiff's employment. The Police Department does not issue performance evaluations for permanent employees. Accordingly, Plaintiff has not been evaluated since 2009.

**Interrogatory #4:**

State whether the Nassau County Police Department ("NCPD") maintains a policy regarding the Removal of a Member's Firearm. If such a policy exists, state the policy and the individual responsible for promulgating such policy (if any).

**Response:**

Please see Department Procedure ADM 1242, which is bate stamped 000055 through 000059. The policy was issued by Commissioner William J. Willet.

**Interrogatory #5:**

Identify, by name and title, all individuals responsible for, or had input into, the decision to deny Plaintiff's request to return to work full duty.

**Response:**

Marjorie Blieka, Lt. Thomas Meagher (CO of MAO unit), and Sgt. Robert Becarris (MAO unit) had input into the decision to deny Plaintiff's request to return to work full duty. First Deputy Commissioner Thomas Krumpter concurred with the recommendation by the Chief Surgeon's Office and MAO, and he ultimately made the final decision to keep Plaintiff on RA status.

**Interrogatory #6:**

State whether the NCPD ever received a request for an accommodation from Plaintiff for any disability from January 2008 to present. If the Defendants' answer is in the affirmative, identify every such request and state whether the accommodation was granted, and if it was not, the reason(s) why Defendants denied such a request for accommodation.

**Response:**

The NCPD never received a request for an accommodation from Plaintiff.

**Interrogatory #7:**

State whether Plaintiff provided Defendants with recommendation from his psychiatrist, Dr. Lawrence Greenberg, clearing Plaintiff to return to full duty. If Defendants' answer is in the affirmative, identify each and every recommendation and state whether such recommendation was adopted and, if it was not, the reason(s) why Defendant denied such recommendation.

**Response:**

Defendants object to this Interrogatory because Plaintiff is already is in possession of this information. Notwithstanding this objection, Plaintiff submitted to the Department a letter from his psychiatrist, Dr. Greenberg, clearing Plaintiff to return to full duty. The Department did not adopt Dr. Greenberg's recommendation. Plaintiff instead was evaluated by two Department psychiatrists. Although Dr. Klugman recommended in April 2010 that Plaintiff return to full duty, the Department did not adopt this recommendation because of legitimate safety concerns that Plaintiff's bipolar disorder could pose to himself and/or the members of the public.

Dr. Blieka evaluated Plaintiff in June 2011. She recommended that he remain on RA duty because of the severity of the manic episode that Plaintiff experienced on November 17, 2009, which included aggression and non-compliance with doctor's orders and which necessitated 4-point restraints and intra-muscular medication to sedate him. Bipolar disorder is an unpredictable illness, even with medication, and there is simply no way that the Department can monitor an employee's compliance with his/her medication.

Accordingly, because of the significant safety concerns that could arise while armed (to himself, fellow officers, and/or members of the public) if Plaintiff were to experience a manic episode of the severity he had in November 2009, Dr. Blieka recommended that Plaintiff's Department-issued and off-duty weapon not be returned to him and that he remain on RA duty.

**Interrogatory #8:**

State whether Defendant Blieka requested permission from Plaintiff to contact Plaintiff's doctor regarding Plaintiff's Bi-polar. If the answer is in the affirmative, state the date Plaintiff Doctor(s) were contacted and the information obtained by Blieka from Plaintiff's doctor.

**Response:**

Upon information and belief, although Dr. Blieka did request permission from Plaintiff to contact Plaintiff's doctor, she did not contact Dr. Greenberg. Blieka read Greenberg's position and recommendation regarding Plaintiff, and she believed that was sufficient in addition to her own evaluation of Plaintiff.

**Interrogatory #9:**

Identify, by name and title, all individuals that were aware of Dr. Klugman's evaluations and Plaintiff's medical condition.

**Response:**

Dr. Blieka, Lt. Meagher, Sgt. Beccaris, First Deputy Commissioner Krumpter, and Dr. Asheld were aware of Dr. Klugman's evaluations and Plaintiff's medical condition. See Response to Interrogatory #1 for their titles.

**Interrogatory #10:**

State whether Plaintiff was cleared on or about April 20, 2010 by Dr. Robert Klugman, Nassau County Police Department's designated psychiatrist, to return to full duty. If Defendants' answers in the affirmative, identify the nature of the clearance and whether it was adopted and, if it was not, the reason(s)n why Defendants denied the clearance.

**Response:**

Defendants object to this Interrogatory because Plaintiff is already is in possession of this information. Notwithstanding this objection, please see Response to Interrogatory #7.

**Interrogatory #11:**

Identify each and every person, including their name, address and telephone number, whom Defendants may call as either a lay or expert witness in the trial of this matter. For each

individual so identified, specify the topic or subject matter that such expert will testify to in the trial of this matter.

**Response:**

Defendants do not have this information at the present time, but they reserve their rights to identify experts during the course of this litigation and call them at trial.

**Interrogatory #12:**

Identify any and all experts contacted and/or retained by Defendants for the purposes of this case, and provide their name, address and telephone number, and identify any reports or documents such expert has provided to Defendants or their agents.

**Response:**

As of this date, Defendants have not contacted or retained any experts. Nevertheless, Defendants reserve their rights to identify experts during the course of this litigation and call them at trial.

**Interrogatory #13:**

Identify each and every person Defendants or their representative(s) contacted, interviewed or communicated with during any investigation in connection with any complaint of discrimination, harassment, or retaliation made by Plaintiff during his employment with Defendants. For each individual so identified, identify the date and state the substance of any such communications.

**Response:**

Defendants object to this Interrogatory on the basis of the attorney-client privilege. Notwithstanding this objection, as Plaintiff never made an internal complaint of discrimination, harassment, or retaliation, the NCPD never had reason to conduct an investigation.

**Interrogatory #14:**

Identify each and every person Defendant or their representative(s) contacted, interviewed or communicated with during any investigation in connection with this matter. For each individual so identified, identify the date and state the substance of any such communications.

**Response:**

Defendants object to this Interrogatory on the basis of the attorney-client privilege. Notwithstanding this objection, please see the Response to Interrogatory #13.

**Interrogatory #15:**

State whether Plaintiff ever complained to Defendant that he believed that he was subjected to discrimination during the course of his employment with Defendant. If Defendant answers in the affirmative, identify the date of such complaint, the substance of such complaint, and any actions taken by Defendant in response to such complaint.

**Response:**

A review of County records shows that Plaintiff never made an internal complaint to the NCPD or the Office of the Nassau County Equal Employment Opportunity ("County EEO") alleging discrimination.

**Interrogatory #16:**

Identify each and every current or former applicant or employee of Defendant who complained, whether formally or informally, of disability discrimination or harassment from March 2011 to the present and identify any documents concerning such employee's complaint. For each individual so identified state (i) the substance of such individual's complaint, (ii) whether the complaint was made orally or in writing, (iii) the person to whom the complaint was

made, (iv) what actions, if any, Defendant took in response to such individual's complaint.

**Response:**

Defendants object to this Interrogatory because it is overbroad, unduly burdensome, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection , Defendants provide the following information: Please see Print-out of list of Cases, which is bate stamped 000020 through 000022 and 000024. Please note that no internal complaints exist by employees of the Nassau County Police Department alleging disability discrimination and/or harassment for the specified time period.

**Interrogatory #17:**

Identify each and every current or former applicant or employee of Defendant that requested an accommodation for a disability or for any other reason from January 1, 2010 to the present. For each individual so identified, state (i) the substance of such individual's request, (ii) whether the request was made orally or in writing, (iii) the person to whom the request was made, (iv) whether the request was granted or denied and (v) the reason(s) why such request was granted or denied.

**Response:**

Defendants object to this Interrogatory because it is overbroad, unduly burdensome, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, please see Written Requests for Reasonable Accommodation by Nassau County Police Department Employees, which are bate stamped A000001 through A000021.

All requests for a reasonable accommodation that the Nassau County Police Department ("NCPD") has received for the specified time period have been in writing and made to Sgt. Tara Comiskey, who is the EEO Representative for NCPD. In addition, all such requests

for an accommodation were granted by NCPD for the reasons set forth in the produced Written Requests for Reasonable Accommodation.

Please note that the reasonable accommodation given to Jeanette M. Barry was subsequently modified due to aggressive behavior of her service dog. In addition, the accommodations for the Police Communication Operators ("PCOs") to work day shifts instead of night tours were later reversed because the changed work hours violated the seniority provision of the Collective Bargaining Agreement between the County of Nassau and the CSEA.

**Interrogatory #18:**

Identify any and all individuals whom Defendant has obtained a statement from, whether written or oral, concerning this matter, including, but not limited to, any allegation or claim in the Complaint and/or Plaintiff's NYSDHR Charge of Discrimination, and any statement or defense in Defendants' Answer.

**Response:**

Defendants have not obtained any statements as of this date. Nevertheless, Defendants reserve their rights to obtain a statement(s) during the course of this litigation.

**Interrogatory #19:**

Identify any and all meetings of the Defendants at which Plaintiff and/or Plaintiff's employment was discussed by the Defendants whether in open or executive session. For each such meeting, state the substance of the Defendants' discussion of Plaintiff or Plaintiff's employment.

**Response:**

Defendants object to this Interrogatory because it is vague, overbroad, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, Defendants provide the following information: Upon information and belief, a meeting took place between

Thomas Krumpter, Marjorie Blieka, Lt. Meagher, and possibly Sgt. Becarris to discuss the Restricted Assignment employees. The date of this meeting is believed to be sometime in May 2010. Dr. Klugman's recommendation for Plaintiff was brought up during the meeting and a discussion followed. All individuals at this meeting expressed deep concern about returning Plaintiff to full duty and returning his weapons because of safety concerns, and the decision was ultimately made to not adopt Klugman's recommendation.

**DOCUMENT DEMANDS**

**Document Request #1:**

Produce all employment-related documents and/or electronically stored information concerning Plaintiff, including but not limited to, documents relating to Plaintiff's compensation, benefits, perquisites, severance, bonuses, job titles, job description, duties and responsibilities, reporting relationships (including organizational charts), transfers to other positions, promotions, and work performance.

**Response:**

Defendants object to this Document Request because it is overbroad, vague, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, responsive documents are hereby produced:

1. The Agreement between the County and the PBA, bate stamped 000506 through 000539.
2. Plaintiff's personnel file documents, bate stamped 000174 through 000202.
3. Your Retirement Plan Handbook, bate stamped 000700 through 000725.
4. Plaintiff's "probation" reports, bate stamped 000031through 00036.
5. Civil Service Job Specifications for Police Officer, bate stamped 000016 through 000019.

**Document Request #2:**

Produce all documents and electronically stored information concerning the wages, benefits, and/or other compensation paid to Plaintiff by Defendant for the years 2008 through the present, including, but not limited to, (a) IRS Form W-2s, (b) payroll records, (c) pension documents (including any summary plan descriptions pertaining to any such employer-sponsored pension, retirement or other investment plans or accounts, (d) retirement documents, (e) health

and welfare benefits plans and/or statements, (f) 401(k) documents, and (g) any other compensation-related or benefit-related documents.

**Response:**

Defendants object to this Document Request because it is overbroad, vague, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, responsive documents are hereby produced:

1. Plaintiff's personnel file documents, bate stamped 000174 through 000202.
2. Your Retirement Plan Handbook, bate stamped 000700 through 000725.
3. Pension contribution documents for Plaintiff will be produced in a supplemental response as soon as they are available.

Please note that Defendants are not in possession of other pension or retirement-related documents for Plaintiff, as these are within the State's purview.

**Document Request #3:**

Produce all documents concerning any representations to Plaintiff made by any agent, board member, manager or current or former employee of Defendant concerning Plaintiff's employment, including, but not limited to, the terms and conditions of employment, salary, compensation, bonuses, incentive compensation and/or deferred compensation.

**Response:**

Defendants object to this Document Request because it is vague, overbroad, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, please see Police Department-Internal Correspondence regarding Plaintiff's request for the return of his weapons, bate stamped 000205, 000212, and 000216 and Psychiatrist Reports by Robert Klugman and Marjorie Blieka, which are bate stamped 000570 through 000571 and 000579 through 000580 (Klugman) and 000696 through 000699 (Blieka).

**Document Request #4:**

Produce the complete personnel file(s) of Plaintiff, including employment applications, resumes, acknowledgments of receipt of employment handbook and other documents, performance evaluations, written warnings, complaints, reprimands, and compensation and benefit information.

**Response:**

Responsive documents are hereby produced, bate stamped 000174 through 000202.

**Document Request #5:**

Produce all unofficial, supervisor or "desk" files concerning Plaintiff maintained by Defendants or any employee, agent or representative of Defendant.

**Response:**

Responsive documents are hereby produced, which are bate stamped 000025 through 000038.

**Document Request #6:**

Produce all documents and electronically stored information concerning Plaintiff's work performance, whether formal or informal, including but not limited to, formal and informal performance reviews, evaluations and/or appraisals, performance summaries, self-evaluations, peer reviews, cross evaluations, performance feedback or performance improvement plans concerning Plaintiff at any time during his employment with Defendant.

**Response:**

Responsive documents are hereby produced, bate stamped 000031 through 000038. Please note that the Department does not evaluate employees once they attain permanent status.

**Document Request #7:**

Produce all documents and electronically stored information concerning any changes in Plaintiff's (a) job title and/or description; (b) salary level; (c) bonus opportunity; (d) compensation; (e) reporting relationships; (f) employment status; and/or (g) duties and responsibilities while he was employed by Defendant.

**Response:**

Responsive documents have already been produced. Please see personnel file docs, bate stamped 000174 through 000202; Police Department-Internal Correspondence, bate stamped 000205, 000212, and 000216, and Supervisor's Monthly Activity Review, bate stamped 000037.

**Document Request #8:**

Produce all documents and electronically stored information concerning any equal employment opportunity and/or anti-discrimination policies Defendant had in place at any time during Plaintiff's employment with Defendant.

**Response:**

Please see 2006 (with 2007 amendment), 2009, and 2012 Nassau County Equal Employment Opportunity Policies, bate stamped 000433 through 000504 and Nassau County Police Department- Department Procedure Number ADM 1226: "Discrimination in the Workplace", which is bate stamped 000144 through 000148.

**Document Request #9:**

Produce all documents and electronically stored information concerning any communications, including emails, sent to or from Dr. Lawrence Greenberg concerning: (a) Plaintiff and/or (b) any of the allegations in the Complaint or the underlying facts as set forth in the Complaint.

**Response:**

Responsive documents are hereby produced, bate stamped 000007, 000009, and 000012. Please note that Defendants are not in possession of any electronically-stored information sent to or from Dr. Lawrence Greenberg concerning Plaintiff or any of the allegations in the Complaint.

**Document Request #10:**

Produce all documents and electronically stored information concerning any communications, including emails, sent to or from Dr. Robert Klugman concerning: (a) Plaintiff and/or (b) any of the allegations in the Complaint or the underlying facts as set forth in the Complaint.

**Response:**

Responsive documents are hereby produced, bate stamped 000570 through 000571 and 000579 through 000580. Please note that Defendants are not in possession of any electronically-stored information sent to or from Dr. Robert Klugman concerning Plaintiff or any of the allegations in the Complaint.

**Document Request #11:**

Produce all documents and electronically stored information concerning any communications, including emails, sent to or from Sgt. Becarris concerning: (a) Plaintiff and/or (b) any of the allegations in the Complaint or the underlying facts as set forth in the Complaint.

**Response:**

Responsive documents are hereby produced, bate stamped 000205, 000212, and 000216. Please also see e-mail from Robert Beccaris to Marjorie Blieka, dated December 13, 2010 and bate stamped 000726.

**Document Request #12:**

Produce all documents and electronically stored information concerning any communications, including emails, sent to or from Defendant Marjorie Blieka concerning: (a) Plaintiff and/or (b) any of the allegations in the Complaint or the underlying facts as set forth in the Complaint.

**Response:**

Please see the Forensic Psychiatric Report by Marjorie Blieka, MD, which is bate stamped 000696 through 000699. Please also see e-mail from Marjorie Blieka to Robert Beccaris, dated December 14, 2010 and bate stamped 000726.

**Document Request #13:**

Produce all documents concerning any meetings (including the minutes or notes of any committee or other meetings, and any handwritten notes taken by anyone in attendance at these meetings), and/or communications by any of the Defendant's management, board or employees, in which there was discussion or mention of Plaintiff's terms and conditions of employment; compensation; incentive compensation; deferred compensation, responsibilities; and/or job performance.

**Response:**

Defendants object to this Document Request because it is vague, overbroad, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, there are no documents responsive to this Request.

**Document Request #14:**

Produce all documents concerning any complaints, whether formal or informal, made by any current or former agent, board member, manager, employee or client of Defendant with respect to Plaintiff.

**Response:**

Defendants object to this Document Request because it is vague, overbroad, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, there are no documents responsive to this Request.

**Document Request #15:**

Produce all documents concerning any criticisms, or any job performance related comment, whether formal or informal, made by any current or former agent, commander, sergeant, supervisor or employee of the Defendant with respect to Plaintiff.

**Response:**

Please see probation reports and Supervisor's Monthly Activity Review, which are bate stamped 000031 through 000037.

**Document Request #16:**

Produce all documents concerning any employment-related actions concerning Plaintiff, including, but not limited to, disciplinary actions, commendations, warnings, complaints, probations or suspension notices.

**Response:**

Aside from what has been produced already, there are no documents responsive to this Request.

**Document Request #17:**

Produce all documents concerning any meetings (including the minutes or notes of any committee or other meetings, and any handwritten notes taken by anyone in attendance at these meetings), and/or communications by any of the Nassau County Police Department's management or employees, in which there was discussion or mention of termination of Plaintiff's employment with Defendant.

**Response:**

There are no documents responsive to this Request.

**Document Request #18:**

Produce all documents which were used, relied upon or considered in any employment actions pertaining to Plaintiff, including, but not limited to, Plaintiff's hiring, any disciplinary action or any change in the terms and conditions of Plaintiff's employment with Defendant.

**Response:**

Responsive documents are hereby produced. Please see Police Department Internal Correspondence, bate stamped 00205, 000212, and 000216; Klugman and Blieka Psychiatric Evaluations, bate stamped 000570 through 000571, 000579 through 000580, and 000696 through 000699; and Applicant Investigation file documents, bate stamped 000221 through 000432.

**Document Request #19:**

Produce all documents concerning any complaint of discrimination or retaliation made by Plaintiff concerning his employment with Defendant at point during the period of time that Plaintiff was employed by Defendant.

**Response:**

As Plaintiff never made an internal complaint of discrimination or retaliation, there are no documents responsive to this Request.

**Document Request #20:**

Produce all documents concerning any actions taken by Defendant to investigate or respond to any complaint of discrimination or retaliation made by Plaintiff during the course of his employment with Defendant.

**Response:**

Please see the Response to Document Request #19. Please also see County's Position Statement in response to Plaintiff's New York State Division of Human Rights Charge, which is bate stamped 000674 through 000699.

**Document Request #21:**

Produce all documents concerning any request for an accommodation made by Plaintiff related to his employment with Defendant from November 1, 2009 through the present.

**Response:**

As Plaintiff never made a request for a reasonable accommodation, there are no documents responsive to this Request.

**Document Request #22:**

Produce all documents concerning Defendant's response to any request for medical leave made by Plaintiff from November 2009 to the present.

**Response:**

There are no documents responsive to this Request.

**Document Request #23:**

Produce all documents and electronically stored information concerning any investigation by Defendant, including any employee or agent of Defendants, into the allegations contained in the Complaint or any of Plaintiff's charges of discrimination, regardless of whether such investigation occurred before or after the filing of the Complaint or charge of discrimination.

**Response:**

Defendants object to this Document Request on the basis of the attorney-client privilege and the attorney work product privilege. Notwithstanding this objection, as Plaintiff

did not bring an internal complaint of discrimination or retaliation, there are no documents responsive to this Request.

**Document Request #24:**

Produce all documents and electronically stored information concerning any investigation by Defendant, including any employee or agent of Defendants, into any complaint made by Plaintiff during the course of his employment with Defendant.

**Response:**

Defendants object to this Document Request because it is vague, overbroad, irrelevant, and not calculated to lead to admissible evidence. If Plaintiff wishes to narrow this Request and provide more specificity, Defendants will make a good faith attempt to furnish a response.

**Document Request #25:**

Produce all documents concerning any disciplinary action taken by Defendant against Plaintiff during the course of his employment with Defendant.

**Response:**

There are no documents responsive to this Request.

**Document Request #26:**

Produce all documents concerning any observation of Plaintiff's work performance from January 1, 2009 to the present.

**Response:**

Responsive documents have already been produced. Please see probation reports and Supervisor's Monthly Activity Review, bate stamped 000031through 000037.

**Document Request #27:**

Produce all documents concerning any correspondence by and between Defendant and the New York State Division of Human Rights and/or Equal Employment Opportunity Commission regarding Plaintiff, the Charge of Discrimination he filed with the Equal Employment Opportunity Commission, or any of the allegations described in the Complaint.

**Response:**

Responsive documents have already been produced. Please see the County's Position Statement (with exhibits) in response to Plaintiff's New York State Division of Human Rights Charge, which is bate stamped 000674 through 000699.

**Document Request #28;**

Produce all documents and electronically stored information concerning any claim, complaint, charge or allegation, whether formal or informal, of disability discrimination raised by any current or former applicant or employee of Defendant from 2008 through the present, either internally or through the filing of a charge, complaint, statement of claim, demand for arbitration, or other legal process with any agency, court, commission, division, tribunal, arbitrator, association or organization.

**Response:**

Defendants object to this Document Request because it is overbroad, vague, unduly burdensome, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, please see Print-out of list of cases, which is bate stamped 000020 through 000022. Please note that no internal complaints exist by employees of the Nassau County Police Department alleging disability discrimination for the specified time period.

**Document Request #29:**

Produce all documents and electronically stored information concerning any claim, complaint, charge or allegation, whether formal or informal, of retaliation raised by any current or former applicant or employee of Defendant from 2008 through the present, either internally or through the filing of a charge, complaint, statement of claim, demand for arbitration, or other legal process with any agency, court, commission, division, tribunal, arbitrator, association or organization.

**Response:**

Defendants object to this Document Request because it is overbroad, vague, unduly burdensome, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, please see Print-out of list of cases, which is bate stamped 000023. Please note that no internal complaints exist by employees of the Nassau County Police Department alleging retaliation for the specified time period.

**Document Request #30:**

Produce all documents and electronically stored information concerning any complaint, objection, charge, allegation, accusation or criticism, formal or informal, that any employee of Defendant communicated, expressed or otherwise brought to the attention of Defendant concerning or in any way relating to Blieka, including but not limited to, violations of any laws, rules, regulations, standards or policies that regulate or in any way govern any of the aforesaid individuals' conduct.

**Response:**

Defendants object to this Document Request because it is vague, overbroad, unduly burdensome, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, there are no documents responsive to this Request.

**Document Request #31:**

Produce all documents and electronically stored information concerning any insurance policies, insurance coverage and/or indemnification agreements that Defendant maintain or have entered into for any liability arising from its employment practices.

**Response:**

As the County of Nassau is self-insured, there are no documents responsive to this Request.

**Document Request #32:**

Produce all documents and electronically stored information which Defendant intends to introduce as an exhibit or to which Defendant may refer to at the trial of this matter or may use to refresh the recollection of witnesses at trial or during depositions in this matter.

**Response:**

Responsive documents have been produced in response to Document Requests #1 through 45. Please also see:

1. Pistol License Information Handbook and Renewal Application, bate stamped 000540 through 000569.
2. Plaintiff's MAO file documents (bate stamped 000203 through 000220 and 000570 through 000673) which consist of Department Documents and Memoranda, Police Surgeon Documents concerning Plaintiff, and New York EMS Reports and Hospital Records relative to Plaintiff's November 2009 bipolar episode.

**Document Request #33:**

Produce all documents and electronically stored information prepared by or for any expert retained by Defendant in this matter.

**Response:**

As of this date, Defendants have not retained an expert. Nevertheless, Defendants reserve their rights to retain an expert and produce documents prepared by or for the expert during the course of this litigation.

**Document Request #34:**

Produce all documents and electronically stored information received in response to any subpoena or other request for information from any third party concerning any of the allegations contained in the Complaint and/or the defenses contained in the Answer.

**Response:**

There are no documents responsive to this Request.

**Document Request #35:**

Produce all documents and electronically stored information upon which any expert retained by Defendant has relied in forming, drafting or preparing his or her opinion.

**Response:**

As of this date, Defendants have not retained an expert. Nevertheless, Defendants reserve their rights to retain an expert and produce documents during the course of this litigation that the expert relied on in forming, drafting, or preparing his or her opinion.

**Document Request #36:**

Produce all documents and electronically stored information concerning any communications that Defendant has had with any expert with respect to the facts, allegations and claims contained in the Complaint, the Answer or otherwise involved in this case.

**Response:**

As of this date, Defendants have not retained an expert. Nevertheless, Defendants reserve their rights to retain an expert and produce the requested documents during the course of this litigation.

**Document Request #37:**

Produce all documents and electronically stored information concerning any communications with any individual from whom Defendant has obtained or expects to obtain a written or oral statement concerning the facts, allegations and claims contained in the Complaint, the Answer or otherwise involved in this case, including but not limited to a copy of any such statement.

**Response:**

There are no documents responsive to this Request. As of this date, Defendants have not obtained any statements. Nevertheless, Defendants reserve their rights to obtain a statement(s) and produce the requested documents during the course of this litigation.

**Document Request #38:**

Produce all documents and electronically stored information concerning, supporting or contradicting any of the allegations or claims contained in the Complaint.

**Response:**

Responsive documents have been produced in response to Document Requests #1 through #45.

**Document Request #39:**

Produce all documents and electronically stored information concerning, supporting or contradicting any of the statements or defenses contained in the Answer.

**Response:**

Please see Response to Document Request #38.

**Document Request #40:**

Produce all documents identified in Defendant's Federal Rule of Civil Procedure 26 Initial Disclosures.

**Response:**

Responsive documents have already been produced.

**Document Request #41:**

Produce all documents relied upon or used in any way by Defendant in responding to Plaintiff's First Set of Interrogatories.

**Response:**

Responsive documents have been produced in response to Document Requests #1 through #45.

**Document Request #42:**

Produce all documents concerning any communications between Defendant and individual whom Defendant may call as a witness in the trial of this matter.

**Response:**

Defendants object to this Document Request because it is vague, overbroad, unduly burdensome, irrelevant, and not calculated to lead to admissible evidence. Notwithstanding this objection, responsive documents have already been produced. Defendants reserve their rights to produce additional documents if they become known or come to light during the course of this litigation.

**Document Request #43:**

Produce all documents concerning any statement, whether written or oral, that Defendant has obtained from any individual concerning any of the facts alleged in the Complaint.

**Response:**

As of this date, Defendants have not obtained any statements. Nevertheless, Defendants reserve their rights to obtain a statement(s) and produce the requested documents during the course of this litigation.

**Document Request #44:**

To the extent not already produced, produce all documents concerning any of the Affirmative Defenses asserted in Defendant's Answer.

**Response:**

Responsive documents are hereby produced. Please see Plaintiff's 2012 New York State Division of Human Rights charge, which is bate stamped 000001through 000015.

**Document Request #45:**

Produce any and all documents concerning Nassau County Police Department procedures and/or procedure related:

a. Returning officers to full duty;

b. Removing a member's firearm;

c. Returning a member's firearm;

d. Mental health of member;

e. Mental health evaluations.

**Response:**

Responsive documents are hereby produced, bate stamped 000039 through 0000173.

Dated: May 3, 2013
Mineola, New York

JOHN CIAMPOLI
County Attorney, County of Nassau

By: Michelle M. Faraci
MICHELLE M. FARACI
Deputy County Attorney
Office of the County Attorney
One West Street
Mineola, New York 11501
(516) 571-3931
Attorneys for Defendants

To: Matthew Weinick, Esq.
LEEDS BROWN LAW, P.C.
One Old County Road, Suite 347
Carle Place, New York 11514
(516) 873-9550
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Civil Action No.: 12cv4935
(SJF) (ETB)

---

CHRISTOPHER HOEY,

Plaintiff,

-against-

COUNTY OF NASSAU and MARJORIE BLIEKA,
in her official and individual capacities,

Defendants.

---

# DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT DEMANDS

---

**JOHN CIAMPOLI**
**Nassau County Attorney**

By: [signature]
Michelle M. Faraci
Deputy County Attorney
One West Street
Mineola, New York 11501
(516) 571-3931
Attorneys for Defendants

# EXHIBIT 7

ANDREW M. CUOMO
GOVERNOR

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**

| | |
|---|---|
| **NEW YORK STATE DIVISION OF HUMAN RIGHTS** on the Complaint of<br><br>**GLORIA KEYLOUN,**<br>Complainant,<br>v.<br><br>**CANON U.S.A., INC.,**<br>Respondent. | **NOTICE AND FINAL ORDER**<br><br>Case No. 10147883 |

Federal Charge No. 16GB102689

**PLEASE TAKE NOTICE** that the attached is a true copy of the Recommended Findings of Fact, Opinion and Decision, and Order ("Recommended Order"), issued on August 17, 2012, by Margaret A. Jackson, an Administrative Law Judge of the New York State Division of Human Rights ("Division"). An opportunity was given to all parties to object to the Recommended Order, and all Objections received have been reviewed.

**PLEASE BE ADVISED THAT, UPON REVIEW, THE RECOMMENDED ORDER IS HEREBY ADOPTED AND ISSUED BY THE HONORABLE GALEN D. KIRKLAND, COMMISSIONER, AS THE FINAL ORDER OF THE NEW YORK STATE DIVISION OF HUMAN RIGHTS ("ORDER"), WITH THE FOLLOWING AMENDMENT:**

- Complainant's ultimate burden of proof is to show that discrimination occurred,

not that "Respondent's proffered explanations are a pretext," as stated in the Recommended Order. *See Ferrante v. American Lung Ass'n.*, 90 N.Y.2d 623, 630 (1997).

In accordance with the Division's Rules of Practice, a copy of this Order has been filed in the offices maintained by the Division at One Fordham Plaza, 4th Floor, Bronx, New York 10458. The Order may be inspected by any member of the public during the regular office hours of the Division.

**PLEASE TAKE FURTHER NOTICE** that any party to this proceeding may appeal this Order to the Supreme Court in the County wherein the unlawful discriminatory practice that is the subject of the Order occurred, or wherein any person required in the Order to cease and desist from an unlawful discriminatory practice, or to take other affirmative action, resides or transacts business, by filing with such Supreme Court of the State a Petition and Notice of Petition, within sixty (60) days after service of this Order. A copy of the Petition and Notice of Petition must also be served on all parties, including the General Counsel, New York State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. Please do not file the original Notice or Petition with the Division.

**ADOPTED, ISSUED, AND ORDERED.**

DATED: 11/16/2012
Bronx, New York

Galen D. Kirkland

GALEN D. KIRKLAND
COMMISSIONER

TO:

<u>Complainant</u>
Gloria Keyloun
17 Pennsylvania Boulevard
Floral Park, NY 11001

<u>Complainant Attorney</u>
Leeds Brown Law, PC
One Old Country Road, Suite 347
Carle Place, NY 11514

<u>Respondent</u>
Canon U.S.A., Inc.
Attn: Jami Schultz, Counsel
One Canon Plaza
Lake Succes, NY 11042

<u>Respondent Attorney</u>
Joseph W. Hammell, Esq.
50 South Sixth Street - Suite 1500
Minneapolis, MN 55402

<u>Respondent Attorney</u>
Joel O'Malley, Esq.
50 South Sixth Street - Suite 1500
Minneapolis, MN 55402

Hon. Eric T. Schneiderman, Attorney General
Attn: Civil Rights Bureau
120 Broadway
New York, New York 10271

<u>State Division of Human Rights</u>
Robert Goldstein, Director of Prosecutions
Christine Marbach Kellett, Chief Administrative Law Judge
Margaret A. Jackson, Administrative Law Judge
Sara Toll East, Chief, Litigation and Appeals
Caroline J. Downey, General Counsel
Melissa Franco, Deputy Commissioner for Enforcement
Peter G. Buchenholz, Adjudication Counsel
Matthew Menes, Adjudication Counsel

ANDREW M. CUOMO
GOVERNOR

**NEW YORK STATE**
**DIVISION OF HUMAN RIGHTS**

**NEW YORK STATE DIVISION OF HUMAN RIGHTS**
on the Complaint of

**GLORIA KEYLOUN,**

Complainant,

v.

**CANON U.S.A., INC.,**

Respondent.

**RECOMMENDED FINDINGS OF FACT, OPINION AND DECISION, AND ORDER**

Case No. **10147883**

## SUMMARY

Complainant alleges that Respondent unlawfully discriminated against her because of her disability. The evidence does not support the allegation. Therefore, the complaint is dismissed.

## PROCEEDINGS IN THE CASE

On April 1, 2011, Complainant filed a verified complaint with the New York State Division of Human Rights ("Division"), charging Respondent with unlawful discriminatory practices relating to employment in violation of N.Y. Exec. Law, art. 15 ("Human Rights Law").

After investigation, the Division found that it had jurisdiction over the complaint and that probable cause existed to believe that Respondent had engaged in unlawful discriminatory practices. The Division thereupon referred the case to public hearing.

After due notice, the case came on for hearing before Margaret A. Jackson, an Administrative Law Judge ("ALJ") of the Division. A public hearing session was held on March 12, 2012.

Complainant and Respondent appeared at the hearing. Complainant was represented by Leeds Morelli & Brown, PC by Matthew Weinick, Esq. Respondent was represented by Joseph W. Hammell, Esq. and Joel O'Malley, Esq.

## FINDINGS OF FACT

1. Complainant was diagnosed with mixed bipolar disorder on December 21, 1989. (Tr. 6)

2. Complainant has taken lithium to medicate her condition since she was diagnosed. (Tr. 7)

3. On April 26, 2004, Respondent hired Complainant as a Staff Assistant 3 in the Information Technology Administration department in its Lake Success, New York headquarters. (Tr. 7- 8)

4. Approximately one year later, on June 6, 2005, Complainant applied for and received a position in the consumer imaging group as an Administrative Assistant. (Tr. 8)

5. On or about April 1, 2006, Complainant was transferred into the Special Accounts department. Some time in 2006, Complainant began reporting to Terry Markwart. (Tr. 9)

6. In December 2006, Complainant began to feel anxious and depressed, left work and went to the hospital. After being admitted she called Respondent's Human Resources department and spoke with Mindy Miller Roach. She also called Markwart to advise him that she had a chemical imbalance and that she was not going to be at work. (Tr. 9-10)

7. Complainant remained out of work for two weeks. (Tr. 11)

8. On July 1, 2009, Complainant was promoted to the position of Specialist, Sales Administration. In that position, Complainant was responsible for reporting forecasting and projections, coordinating trade shows, preparing marketing materials and processing sales commissions. (Tr. 14-15)

9. On November 5, 2010, Complainant sent an e-mail message to Kerri Longley who is the coordinator for Eliot Peck, Executive Vice President, Consumer Imaging Group. In the e-mail, Complainant asked Longley to handle a budget issue that she never saw corrected on her spreadsheet although she allegedly had forwarded the information to Longley at 10:55 a.m. on February 3, 2010. (Tr. 17-18)

10. After searching her own e-mail archives, Longley discovered that the February 3, 2010, e-mail had never been sent by Complainant and that the e-mail box it was allegedly sent to had not been created until 6p.m. on February 3, 2010. (Tr. 209-10)

11. In support of Longley's claims, it was discovered that Complainant's e-mail discussed an expense item that she had never seen in subsequent e-mails. Complainant also referenced a budget cost center numerical designation that did not exist until after February 3, 2010, the date of the e-mail. (Tr. 51, 56, 58, 219; Joint Exhibit 1B, Respondent's Exhibit 1)

12. On November 8, 2010, via e-mail, Longley questioned Complainant about the February 3, 2010 e-mail. In response, Complainant admitted that she created the e-mail from her recollection and then sent it as if it were actually sent on February 3, 2010. Complainant then met with Longley and admitted that she made up the February 3, 2010, e-mail. (Tr. 144; Respondent's Exhibit 4)

13. The Vice President and General Manager of Respondent's consumer sales group, Ross Held, was copied on the November 8, 2010, e-mail exchange between Longley and Complainant.

Held questioned Complainant about the February 3, 2010, email. Complainant admitted to Held that she made it up. (Tr. 172-74; Respondent's Exhibit 4)

14. Human Resource representative Sahsa Del Valle George conducted an investigation into the alleged falsified February 3, 2010, e-mail. (Tr. 144-45)

15. On December 16, 2010, Del Valle George met with Complainant and questioned her about the February 3, 2010 e-mail. Complainant admitted that she created the e-mail from her recollection, and then presented it as if it were an actual e-mail sent on February 3, 2010. (Tr. 67, 116-17, 121)

16. Del Valle George told Complainant that her e-mail constituted a falsification of documents for which her employment could be terminated. During the discussion, Del Valle George was unaware of Complainant's disability and Complainant made no mention of it. (Tr. 69, 121-122)

17. Respondent's Human Resources Senior Director, Jennifer Jackson, was informed by Del Valle George, that Complainant had admitted to falsifying the e-mail. (Tr. 144)

18. Jackson set up a meeting to discuss the situation with Elliot Peck, a Senior Vice President for Respondent. Held, who reported to Peck, was included in the meeting.(Tr. 122)

19. On December 21, 2010, Del Valle George met with Peck, Held and Jackson to discuss Complainant's actions. They were unaware of Complainant's health issues. It was collectively decided to terminate Complainant's employment because her conduct in fabricating the February 3, 2010, e-mail was a violation of Respondent's values and policy on professional conduct in so far as it demonstrated a lack of integrity. (Tr. 122-24, 147-48, 177-78; Joint Exhibit 1)

20. Respondent's policy on professional conduct states that all employees must "exhibit a high degree of integrity at all times." Respondent's policy on work rule violations state that

"falsification of Company records or reports" is considered "improper and unacceptable conduct, which will result in disciplinary action, up to and including termination of employment." Complaint was aware of Respondent's policies. (Tr. 153-54, 247-48; Joint Exhibit 1)

21. It was further decided that Complainant would be notified about her termination of employment after the Christmas holiday and that such notification would be given on the first business day after the holiday, December 27, 2010. (Tr. 176-79)

22. On the afternoon of December 21, 2010, Del Valle George and Jackson were scheduled to be on vacation so they called their manager, Bharti Cunningham, and instructed her to notify Complainant of her termination of employment on December 27, 2010.(Tr. 240, 243)

23. Complainant continued to work performing all duties through December 22, 2010, the last day Respondent's offices were open before the Christmas holiday. (Tr. 244)

24. On December 22, 2010, Complainant learned that she would not be receiving a bonus for 2010 because of the falsified e-mail. (Tr. 22)

25. Respondent's Lake Success offices were closed on December 27, 2010, because of a severe snowstorm. Therefore, Complainant was not notified that day of her pending termination of employment. (Tr.149)

26. Complainant did not come to work on December 28 or 29. Cunningham called Complainant at home on December 29, 2010, to notify her that her employment was being terminated. (Tr. 244)

27. On December 28, 2010, Complainant opened a short-term disability claim with Prudential, Respondent's third party disability administrator. Prudential does not inform Respondent about the medical conditions underlying employee's disability leave requests. (Tr. 246-47, 249)

28. As of December 21, 2010, when the decision to terminate Complainant's employment was made, Complainant did not produce any medical records and had not discussed her health or disability with Respondent. (Tr. 125, 152, 178, 247)

29. After termination of employment with Respondent, Complainant submitted her resume to an on-line employment network. However, Complainant fabricated her educational history and places of employment. (Tr. 77-80, 87-89, 94, 154-55)

## OPINION AND DECISION

It is unlawful for an employer to discriminate against an employee on the basis of disability. Human Rights Law § 296.1(a).

A disability is defined under the Human Rights Law as "a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." A disability may also be a record of such impairment or the perception of such impairment. Human Rights Law § 292.21. This definition has been interpreted to include any medically diagnosable impairments and conditions which are merely "diagnosable medical anomalies." *State Div. of Human Rights v. Xerox Corp.*, 65 N.Y.2d 213, 219, 491 N.Y.S.2d 106, 109 (1985).

A complainant has the burden of establishing a prima facie case by showing that she is a member of a protected group, that she is qualified for the position held, that she suffered an adverse employment action, and that the respondent's actions occurred under circumstances giving rise to an inference of discrimination. Once a prima facie case is established, the burden of production shifts to the respondent to rebut the presumption of unlawful discrimination by

clearly articulating legitimate, nondiscriminatory reasons for its employment decision. The ultimate burden rests with the complainant to show that the respondent's proffered explanations are a pretext for unlawful discrimination. *Ferrante v. American Lung Ass'n,* 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 29 (1997); *Forrest v. Jewish Guild for the Blind,* 3 N.Y.3d 295, 305, 786 N.Y.S.2d 382, 390 (2004).

Although Complainant's bipolar disorder qualifies as a disability under the Human Rights Law and she has demonstrated that she was qualified for the position, she has failed to demonstrate that Respondent's actions occurred under circumstances giving rise to an inference of discrimination. Complainant admittedly falsified company records in violation of Respondent's policy on professional conduct. As a result, her employment was terminated by individuals who were unaware of her disability.

Complainant failed to establish a prima facie case. Accordingly, her claim must be dismissed.

**ORDER**

On the basis of the foregoing Findings of Fact, Opinion and Decision, and pursuant to the provisions of the Human Rights Law and the Division's Rules of Practice, it is hereby

ORDERED, that the complaint be and hereby is dismissed.

DATED: August 14, 2012
Hempstead, New York

Margaret A. Jackson
Administrative Law Judge

NEW YORK STATE
**DIVISION OF HUMAN RIGHTS**
ONE FORDHAM PLAZA, FOURTH FLOOR
BRONX, NEW YORK 10458

(718) 741-8400
Fax: (718) 741-3214
www.dhr.ny.gov

ANDREW M. CUOMO
GOVERNOR

GALEN D. KIRKLAND
COMMISSIONER

Dear Division User:

In an effort to improve the quality of the services we offer, the Division of Human Rights is conducting a Customer Satisfaction Survey to measure the overall satisfaction of complainants, respondents, and counsel with the Division's process and personnel. You can participate in the Survey by visiting our website, at: www.dhr.ny.gov/survey.html.

Please take a few moments and share your thoughts and ideas by completing our online Customer Satisfaction Survey. Your feedback is critical to ensuring that the Division continues to improve and operates in the most professional, fair, and efficient manner as possible. We thank you for helping in that effort.

Sincerely,

Galen D. Kirkland

Galen D. Kirkland
Commissioner